UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOARD OF TRUSTEES OF THE LOCAL )
295/LOCAL 851 – I.B.T. EMPLOYER )
GROUP PENSION TRUST FUND )
)
Plaintiffs, )
)
vs. )       COMPLAINT
)
ALLISON FREIGHT MANAGEMENT, LLC )
)
Defendant. )
)
)

JUDGE SWAIN

08 CV 1138



Plaintiffs, by their attorneys, Cary Kane LLP, complaining of defendant, respectfully allege as follows:

### NATURE OF THE ACTION

1. This is an action by Plan fiduciaries to compel an employer to pay withdrawal liability pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), 29 U.S.C. §§1381 through 1405 and 1451.

### JURISDICTION

2. The jurisdiction of this court is invoked pursuant to Sections 502(a), (e), (f) and (g) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §§1132(a), (e), (f) and (g) and 1451(a), (b) and (c).

### VENUE

3. As the Plan is administered within the Southern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d).

## THE PARTIES

4. The Local 295/851 – I.B.T. Employer Group Pension Trust Fund ("the Fund") was established and maintains a plan ("the Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan," within the meaning of Section 3(2) of ERISA, 29 U.S.C. §§1002. The Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Fund. As such, the Fund is a "multiemployer plan," within the meaning of Section 3(37) of ERISA, 29 U.S.C. §§1002(37).

5. Plaintiffs have been, at all times material hereto, fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21). The Fund is administered in the County of New York by Savasta and Company, 60 Broad Street, 37th Floor, New York, New York 10004. The Fund is a collectively-bargained, jointly-trusteed fund organized and operating pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor-Management Relations Act ("LMRA").

6. Upon information and belief, defendant Allison Freight Manufacturing, LLC ("Allison Freight"), is a New York limited liability company having or having had its principal place of business at 84 Brower Avenue, Rockville Centre, New York, 11570.

7. Defendant Allison Freight was a party to a collective bargaining agreement with Local 295 of the International Brotherhood of Teamsters.

8.    Pursuant to the collective bargaining agreement, defendant Allison Freight was required to contribute to the Fund. As such, defendant Allison Freight is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

9.    On information and belief, defendant Allison Freight permanently ceased to have an obligation to make contributions to the Plan and/or ceased all covered operations under the Plan on or about January 1, 2007, causing a complete withdrawal from the Plan within meaning of Section 4203(a) of ERISA, 29 U.S.C. §1383(a).

10.   Plaintiffs thereupon requested the Pension Fund's actuary to determine, pursuant to Section 4213 of ERISA, 29 U.S.C. §1393, the withdrawal liability owed by defendant Allison Freight to the Pension Fund.

11.   The Pension Fund's actuary determined defendant Allison Freight's withdrawal liability to be $64,682.00.

12.   After calculating defendant Allison Freight's withdrawal liability, plaintiff informed defendant Allison Freight of the amount of the withdrawal liability and demanded payment.

13.   Defendant Allison Freight has not contested the amount due during the time period set forth in Section 4219(b) of ERISA, 29 U.S.C. §1399(b).

14.   Defendant Allison Freight has not commenced arbitration of any dispute concerning the Fund's assessment of withdrawal liability during the time period set forth in Section 4221(a) of ERISA, 29 U.S.C. §1401(a).

15.   Defendant Allison Freight has failed to make its withdrawal liability installment payments and is now in default.

## AS AND FOR A FIRST CLAIM

16. Plaintiffs restate and incorporate by reference each and every allegation of Paragraphs 1 through 15 above.

17. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), defendant Allison Freight has defaulted on its obligation to pay withdrawal liability and is liable to the Pension Fund for the full amount of withdrawal liability due, which is $64,682.00.

18. Pursuant to Sections 502(g) and 4301(b) of ERISA, defendant Allison Freight is also liable for interest, liquidated damages, costs and attorneys fees as a result of its default.

## AS AND FOR A SECOND CLAIM

19. Plaintiffs restate and incorporate by reference each and every allegation of Paragraphs 1 through 18 above.

20. Pursuant to Section 4001(b) of ERISA, 29 U.S.C. §1301(b), all trades or businesses under common control with an employer are liable for the employer's withdrawal liability.

21. Any trades or businesses under common control with defendant Allison Freight are jointly and severally liable for defendant Allison Freight's withdrawal liability, together with interest, liquidated damages, costs and attorneys fees.

WHEREFORE, plaintiffs respectfully request that this Court enter an order and judgment:

(a) Directing defendant and all trades or businesses under common control with defendant to pay to the Fund the sum of $64,682.00

(b) Directing defendant and all trades or businesses under common control with defendant to pay to the Fund interest on the sum set forth in paragraph "a" herein, to be computed pursuant to Sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA, 29 U.S.C. §§1132(g)(2)(B), 1399(c)(6) and 1451(b);

(c) Directing defendant and all trades or businesses under common control with defendant to pay to the Fund liquidated damages computed pursuant to Sections 502(g)(2)(c) and 4301(b) of ERISA, 29 U.S.C. §§1132(g)(2)(c) and 1451(b);

(d) Directing defendant and all trades or businesses under common control with defendant to pay to the Fund the reasonable attorneys' fees and costs of this action pursuant to Sections 502(g)(2)(D) and 4301(b) of ERISA, 29 U.S.C. §§1132(g)(2)(D) and 1451(b); and

(e) Granting such other and further relief as the Court deems appropriate.

DATED:     February 4, 2007

                        Cary Kane LLP
                        Attorneys for Plaintiffs

By: Joshua S.C. Parkhurst (JP5022)
    Cary Kane LLP
    1350 Broadway, Suite 815
    New York, NY 10018
    (212) 868-6300